FOR COURT USE ONLY

IN THE MATTER OF:

Donald L Burtraw

S.S.# xxx-xx-0316
and
Amy A Burtraw

S.S.# xxx-xx-5433         Debtor(s)

CASE NO. 11-47760
CHAPTER 13

## CHAPTER 13 PLAN

[ X ] Original *OR* [ ] Modification # _____        [ ] pre-confirmation *OR* [ ] post-confirmation

**I.  PLAN PAYMENTS & DISBURSEMENTS**

This is the debtor's(s') latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

A.  The commitment period for this plan is no less than **60** months.
B.  The debtor shall make payments in the amount of **$1,118.75 Semi-monthly** for 60 months (frequency).
C.  Plan length: **60** months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.
C. 1.  Debtor commits 100% of all tax refunds received or entitled to for all tax years ending on and after 12/31/2011 for the duration of this case, and shall not alter any withholding deductions/exemptions without Court approval.
C.2.  Debtor shall retain 100% of their 2010 tax refund for the purchase of a vehicle to replace the vehicle surrendered through this Plan.
D.  Treatment of claims
    1.  Class One - Administrative Expenses
        a.  *Trustee fees* as determined by statute.
        b.  *Adequate Protection payments*: Debtor shall make adequate protection payments to the secured creditors designated in Class 5 a. or the Executory Contracts and/or Unexpired leases of personal property designated in Class 3, unless otherwise indicated, directly to the Trustee, pursuant to II. N. Adequate Protection payments shall be made out of the plan payments scheduled above and shall not be in addition to the payments indicated above.

IT IS ESTIMATED THAT DISBURSEMENT OF ADEQUATE PROTECTION PAYMENTS SHALL BE AS FOLLOWS, HOWEVER THE PROOF OF CLAIM AND LOCAL BANKRUPTCY RULES REGARDING ADEQUATE PROTECTION SHALL CONTROL.

| | CREDITOR | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|
| 1. | Michigan Catholic Credit Union | 2009 Ford Focus | $180.00; Direct by Debtor; Current |
| 2. | | | |

        c.  *Attorney fees and costs*: An agreed fee of $ **3,000.00 *** less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $ **2,499.00*** plus costs advanced in the amount of $ **0.00** which totals $ **2,499.00 *** . Said sum to be paid at the rate of $ **IN FULL *** per month.

In the event that the Order Confirming Plan does not contain an award for attorney fees, for 30 days following the entry of the Order Confirming Plan, the Trustee shall hold from distribution the sum of **$3,000.00** as a fund for the payment of the attorney fees and costs that shall be determined by the court pursuant to 11 U.S.C. Sec. 330 and Local Rule 2016. If no application has been served and filed within this 30 day period, the reserved funds will be released for distribution to creditors.

1

d. *Other:* **All post-confirmation attorney fees, if any, shall be paid as a Class One Administrative Expense.**

2. Class Two - Continuing Claims: Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall increase Plan payments as needed for such compliance.

   a. Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **Chase**<br>Location: 709 Buckhorn, Lake Orion MI 48362.<br>Account Ending: 5657. | 1,853.00 |
| **Chase**<br>Location: 709 Buckhorn, Lake Orion MI 48362.<br>Account Ending: 7312. | 0.00<br>**\*LIEN STRIP\*** |

**THE VALUE OF THIS PROPERTY IS SUBSTANTIALLY LESS THAN THE SENIOR LIEN ON THIS PROPERTY AND THEREFORE, THIS JUNIOR LIEN SHALL BE STRIPPED IN ITS ENTIRETY BY ADVERSARY COMPLAINT AND CREDITOR'S CLAIM SHALL BE TREATED AS WHOLLY UNSECURED.**

   b. Post-Petition/Pre-Confirmation Arrears- (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| -NONE- | | | | |

3. Class Three - Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]

   a. Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/Reject/Assign? | If assumed, regular payment per month | Lease/Contract expiration date |
|---|---|---|---|
| -NONE- | | | |

   b. Pre-Petition Obligations:

| Creditor/Collateral | If assumed, amount of Default | If assumed, number of months to cure from confirmation date + interest rate | If assumed, monthly payment on cure |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2001 CCH INCORPORATED - www.bestcase.com  Best Case Bankruptcy

4. Class Four - Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5)]
   Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| Chase<br>Location: 709 Buckhorn, Lake Orion MI 48362. Account Ending: 5657. | 7,000.00 | 0% | 194.44 | 36 |

5. Class Five - Non-continuing Secured Claims: Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration.

   a. Purchase Money Security Interest in Personal Property. Secured claims other than those listed in Classes Two, Four, and Five b., on which the last payment will become due within the Plan duration.

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Monthly Adequate Protection Payment | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|---|
| Chase Auto Finance 2008 GMC 2500 Sierra; 72,000 miles. | Surrender Property | 13,800.00 | 0% | 0.00 | 0.00 | 0.00 | 0 |
| Michigan Catholic Credit Union 2009 Ford Focus; 25,000 miles. | Direct by Debtor; Current | 9,700.00 | Contract | 180.00 | 180.00 | 10,831.11 | 60 |

   b. Other Secured Claims

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|

6. Class Six - Priority Unsecured Claims

   a. Non-Assigned Domestic Support Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|

   b. Assigned Domestic Support Obligations [11 U.S.C. §1322(a)(4)]

| Creditor | Amount | Interest Rate |
|---|---|---|

   c. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| Internal Revenue Service | 0.00 | 0% |
| State of Michigan | 0.00 | 0% |

3

7. Class Seven - <u>Special Unsecured Claims</u> shall be paid in full and concurrently with Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| **-NONE-** | | | |

8. Class Eight - <u>General Unsecured Claims</u> shall be paid **0** % of such amounts with interest at the rate of **0.00** % per annum. This Plan shall provide either the percent stated or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.

9. Other Provisions: Insert as necessary

## II. GENERAL PROVISIONS

A. **THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:**
Paragraph IA, IB, IC, IC1, 1D1b, 1D1c, 1D1d, I5, I6, IIF1, IIF4, II I, IIJ, IIL, IIN, IIN (IIO).
IC2

B. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION:** Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)]. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

C. **SURRENDER OR ABANDONMENT OF COLLATERAL:** Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT:** While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E. **UNSCHEDULED CREDITORS FILING CLAIMS:** If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F. **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN:** In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

   1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, if any, but the proof of claim shall not govern as to the valuation of collateral or percentage of interest on arrears.

   2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

   3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court.

   4. A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan. Unless otherwise ordered by the Court, adequate protection payments shall not be paid to claims designated in Class 5 a. which do not meet the requirements in II.N.

   **NOTE:** Debtor reserves the right to object to any claim.

G. **TAX RETURNS AND TAX SET-OFFS:** All tax returns which have become due prior to the filing of this Plan have been filed except the following (see L.B.R. 2083-1(E.D.M.) regarding non-filed returns):
**-NONE-**

4

Software Copyright (c) 1996-2001 CCH INCORPORATED - www.bestcase.com        Best Case Bankruptcy

H. **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.
 1. 11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

 2. The debtor shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

I. **ORDER OF PAYMENT OF CLAIMS**: Class One a. and b. claims shall be paid in advance of all claims, then Class One c. claims in advance of all others then Class 1 d. in advance of all others, then Classes Two, Three, and Five (a) in advance of all remaining classes, then Classes Four and Five (b), then Class Six unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 1322(a)(2), and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

J. **WORKSHEET**: The worksheet on a form available from the clerk's office, is required. It is attached hereto.

K. **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

M. **ENTRY OF ORDERS LIFTING STAY**: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

N. **ADEQUATE PROTECTION**: Pre-Confirmation Adequate Protection in Chapter 13 for Creditors Secured in personal property under 11 U.S.C. §1326(a)(1)(B) and 11 U.S.C. §1326(a)(1)(C):
Adequate protection shall be paid to Purchase Money Security Security Interest Creditors in personal property and to lessors of personal property pursuant to the Local Bankruptcy Rules for the Eastern District of Michigan.

Software Copyright (c) 1996-2001 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

11-47760-wsd    Doc 17    Filed 03/29/11    Entered 03/29/11 13:37:57    Page 5 of 7

O. **LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| PERSONAL RESIDENCE | 102,000.00 | 171,772.00 | 0.00 | 0.00 | 0.00 |
| VEHICLES | 23,500.00 | 28,593.00 | 0.00 | 0.00 | 0.00 |
| HHG/PERSONAL EFFECTS | 12,470.00 | 0.00 | 12,470.00 | 12,470.00 | 0.00 |
| JEWELRY | 3,850.00 | 0.00 | 3,850.00 | 3,850.00 | 0.00 |
| CASH/BANK ACCOUNTS | 1,357.00 | 0.00 | 1,357.00 | 1,357.00 | 0.00 |
| OTHER | 22,628.00 | 0.00 | 22,628.00 | 22,385.50 | 242.50 |

Amount available upon liquidation $ 242.50
Less administrative expenses and costs $ 10,800.00
Less priority claims $ 0.00
Amount Available in Chapter 7 $ 0.00

/s/ Caralyce M. Lassner
Caralyce M. Lassner P59245
Attorney for Debtor
Caralyce M. Lassner, JD, PC
30150 Telegraph Road
Suite 444
Bingham Farms, MI 48025
ecf@lassnerlaw.com
248 723 6100 Fax:248 645 1222
Phone Number

/s/ Donald L Burtraw
Donald L Burtraw
Debtor

/s/ Amy A Burtraw
Amy A Burtraw
Joint Debtor

March 29, 2011
Date

Software Copyright (c) 1996-2001 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

## WORKSHEET

1. Length of Plan is _____ weeks; __60__ months; _____ years.

   Debtor #1:

2. $ __1,118.75__ per pay period x __120__ (Semi-monthly) pay periods per Plan = $ __134,250.00__ total per Plan

   Debtor #2:

   $ _____ per pay period x _____ ( ) pay periods per Plan = $ _____ total per Plan

3. $ _____ per period x _____ periods in Plan =

4. Lump Sums:

5. Equals total to be paid into the Plan ............................................................. 0.00 / 134,249.40

6. Estimated trustee's fees ............................................................................... 10,068.60

7. Attorney fees and costs ................................................................................ 6,000.00

8. Total priority claims ..................................................................................... 0.00

9. Total installment mortgage or other long-term debt payments ........................ 111,180.00

10. Total of arrearage including interest ............................................................. 7,000.00

11. Total secured claims, including interest ........................................................ 0.00

    Total of items 6 through 11 ........................................................................ $ 134,248.60

12. Funds available for unsecured creditors (item 5 minus item 11) ...................... $ 0.80

13. Total unsecured claims (if all file) ................................................................ $ 109,461.00

14. Estimated percentage to unsecured creditors under Plan (item 12 divided by item 13) ........ 0 %

15. Estimated dividend to general unsecured creditors if Chapter 7, (see liquidation analysis attached) ........ $ 0.00

COMMENTS:

7

Software Copyright (c) 1996-2001 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy